UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLOS A. SANTIAGO<br>71 Hillview Drive<br>Rochester, New York 14622<br><br>MELISSA A. LAFFREDO<br>37 Linnet Street,<br>Rochester, New York 14613<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF ROCHESTER<br>30 Church Street<br>Rochester, New York 14614<br><br>CHRISTOPHER RENZ, individually and in his capacity as a City of Rochester Police Officer,<br>630 North Clinton Avenue<br>Rochester, New York 14605<br><br>JOHN DOE Nos. 1-4, individually and in his/her capacity as a City of Rochester Police Officer,<br>630 North Clinton Avenue<br>Rochester, New York 14605<br><br>JOHN DOE(s), individually and in his/her capacity as a City of Rochester Police Officer,<br>630 North Clinton Avenue<br>Rochester, New York 14605<br><br>    Defendants. | **AMENDED<br>VERIFIED COMPLAINT<br>AND JURY DEMAND**<br><br>Civil Action No. 19-CV-06860-FPG |

    Plaintiffs, Carlos A. Santiago ("Plaintiff" or "Mr. Santiago") and Melissa A. Laffredo ("Plaintiff" or "Ms. Laffredo") (hereinafter, collectively referred to as "Plaintiffs"), by their attorneys, Rupp Baase Pfalzgraf Cunningham LLC, as and for their verified complaint against Defendants, City of Rochester, Christopher Renz, John Doe Nos. 1-4, and John Doe(s), individually and in their capacity as a City of Rochester Police Officer, allege as follows:

## JURISDICTION

1. This action is brought under 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988 and under the Fourth and Fourteenth Amendments of the United States Constitution.

2. This Court has subject matter jurisdiction over all claims pursuant to 28 U.S.C. §§ 1331, 1343, and 1983.

3. Plaintiffs further invoke this Court's pendent jurisdiction, pursuant to 28 U.S.C. § 1367(a), over any and all state law claims and as against parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

## VENUE

4. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Western District of New York because the events forming the basis of Plaintiffs' verified complaint occurred in this District.

## PARTIES

5. At all times hereinafter mentioned, Mr. Santiago was and is a citizen of the State of New York, County of Monroe, residing at 71 Hillview Drive, Rochester, New York 14622.

6. At all times hereinafter mentioned, Ms. Laffredo was and is a citizen of the State of New York, County of Monroe, residing at 37 Linnet Street, Rochester, New York 14613.

7. Defendant, the City of Rochester, was and is a municipal corporation duly organized and existing under the laws of the State of New York and has a business address at 30 Church Street, Rochester, New York 14614.

8. Defendant, the City of Rochester, through its officers, agents, employees, and/or specialized units, promulgate, implement, review, and/or enforce, as policymakers, certain policies regarding the conduct and actions of police officers employed by the City of Rochester, including Officer Christopher Renz, and John Doe Nos. 1-4.

9. Defendant, Christopher Renz ("Officer Renz"), was and is a resident of the County of Monroe, and State of New York. He was and is a Police Officer employed by the City of Rochester at all times hereinafter mentioned, and was acting within the scope of his employment and official capacity as a police officer at the time of the incident giving rise to this lawsuit. In addition, Officer Renz is being sued in his individual capacity for damages caused by his actions and/or conduct.

10. Defendant, John Doe No. 1, was and is a resident of the County of Monroe, and State of New York. He/she was and is a Police Officer employed by the City of Rochester at all times hereinafter mentioned, and was acting within the scope of his/her employment and official capacity as a police officer at the time of the incident giving rise to this lawsuit. In addition, defendant John Doe No.1 is being sued in his/her individual capacity for damages caused by his actions and/or conduct. At the present time, defendant John Doe No. 1 identity is unknown and allegations will be made against defendant John Doe No. 1 until his/her true identity becomes known through discovery.

11. Defendant, John Doe No. 2, was and is a resident of the County of Monroe, and State of New York. He/she was and is a Police Officer employed by the City of Rochester at all times hereinafter mentioned, and was acting within the scope of his/her employment and official capacity as a police officer at the time of the incident giving rise to this lawsuit. In addition, defendant John Doe No. 2 is being sued in his/her individual capacity for damages caused by his actions and/or conduct. At the present time, defendant John Doe No. 2 identity is unknown and allegations will be made against defendant John Doe No. 2 until his/her true identity becomes known through discovery.

12. Defendant, John Doe No. 3, was and is a resident of the County of Monroe, and State of New York. He/she was and is a Police Officer employed by the City of Rochester at all times hereinafter mentioned, and was acting within the scope of his/her employment and official capacity as a police officer at the time of the incident giving rise to this lawsuit. In addition, defendant John Doe No. 3 is being sued in his/her individual capacity for damages caused by his actions and/or conduct. At the present time, defendant John Doe No. 3 identity is unknown and allegations will be made against defendant John Doe No. 3 until his/her true identity becomes known through discovery.

13. Defendant, John Doe No. 4, was and is a resident of the County of Monroe, and State of New York. He/she was and is a Police Officer employed by the City of Rochester at all times hereinafter mentioned, and was acting within the scope of his/her employment and official capacity as a police officer at the time of the incident giving rise to this lawsuit. In addition, defendant John Doe No. 4 is being sued in his/her individual capacity for damages caused by his actions and/or conduct. At the present time, defendant John Doe No. 4

identity is unknown and allegations will be made against defendant John Doe No. 4 until his/her true identity becomes known through discovery.

14. Defendant, John Doe(s), was and is a resident of the County of Monroe, and State of New York. He/she was and is a Police Officer employed by the City of Rochester at all times hereinafter mentioned, and was acting within the scope of his/her employment and official capacity as a police officer at the time of the incident giving rise to this lawsuit. In addition, defendant John Doe(s) is being sued in his/her individual capacity for damages caused by his actions and/or conduct. At the present time, defendant John Doe(s) identity is unknown and allegations will be made against defendant John Doe(s) until his/her true identity becomes known through discovery.

15. At all relevant times, defendants, either personally or through their employees, were acting under the color of law and/or in compliance with the official rules, regulations, laws, statutes, policies, customs, ordinances, usages and/or practices of the City of Rochester. Defendants' actions and conduct show that they did not, nor could they, reasonably rely upon any existing law.

**FACTUAL BACKGROUND**

16. On October 16, 2018, at or about 2:30 p.m., the Plaintiffs were moving a 1996 Acura TL into storage at Ms. Laffredo's residence located at 32 Woodlawn Street, Rochester, New York 14607.

17. While moving the vehicle into storage, an altercation arose between the Plaintiffs and Ms. Laffredo's landlord, Andrew Schram.

18. Ms. Laffredo called 911, and Officer Renz, John Doe Nos. 1-4, and John Doe(s) (hereinafter, collectively referred to as the "Defendant Officers") arrived at 32 Woodlawn Street.

19. When the Defendant Officers arrived at 32 Woodlawn Street, they first spoke with Ms. Laffredo's landlord Andrew Schram.

20. Due to previous incidents involving the Plaintiffs and City of Rochester police officers, Ms. Laffredo was recording the Defendant Officers conversation with Andrew Schram.

21. The Defendant Officers demanded several times that Ms. Laffredo stop recording their conversation with Andrew Schram.

22. Ms. Laffredo refused, and she kept recording the Defendant Officers conversation with Andrew Schram.

23. Without warning, the Defendant Officers then drew their weapons on Mr. Santiago.

24. The Defendant Officers told Mr. Santiago that he was being arrested for an illegal gun that he had hidden in his truck.

25. Upon information and belief, during his conversation with the Defendant Officers, Andrew Schram told the Defendant Officers that Mr. Santiago had hidden an illegal gun in his truck.

26. Mr. Santiago had neither a weapon nor a vehicle at Ms. Laffredo's residence located at 32 Woodlawn Street, Rochester, New York 14607.

27. The Defendant Officers then arrested Mr. Santiago.

28. The Defendant Officers walked Mr. Santiago to their police vehicle. Mr. Santiago was forcibly placed in the back of the police vehicle.

29. Ms. Laffredo protested the Defendant Officers' arrest of Mr. Santiago. She told the Defendant Officers that they had no right to arrest Mr. Santiago, and she demanded that the Defendant Officers release Mr. Santiago.

30. The Defendant Officers grabbed Ms. Laffredo and dragged her to a police vehicle in the Mark's Texas Hots parking lot located next to 32 Woodlawn Street, Rochester, New York 14607.

31. Once the Defendant Officers grabbed Ms. Laffredo, she did not resist arrest.

32. During the arrest of Ms. Laffredo, the Defendant Officers did rip out Ms. Laffredo's hair.

33. While in the back of the police vehicle, Mr. Santiago used his phone to record the Defendant Officers arrest of Ms. Laffredo.

34. When Officer Renz noticed that Mr. Santiago was recording the Defendant Officers arrest of Ms. Laffredo, he became enraged.

35. Officer Renz then opened the police car door where Mr. Santiago was sitting.

36. Officer Renz ripped the phone out of Mr. Santiago's hands.

37. Officer Renz stated to Mr. Santiago that he was "going down." He shouted that the City of Rochester was "his City" and that as a City of Rochester police officer he "could do whatever he wants."

38. Officer Renz told Mr. Santiago that he was "going to get rid of [Mr. Santiago]," and that "nobody was going to care."

39. Finally, Officer Renz shouted at Mr. Santiago that "[Mr. Santiago] would disappear this time."

40. Officer Renz then took Mr. Santiago's phone and threw it into the trunk of his police vehicle which broke Mr. Santiago's phone.

41. Mr. Santiago and Ms. Laffredo were both criminally charged by the Defendants in connection with the October 16, 2018 incident.

42. All criminal charges stemming from Mr. Santiago and Ms. Laffredo's October 16, 2018 arrest were dismissed.

43. Plaintiffs continue to suffer emotion and psychological distress as a result of the October 16, 2018 incident.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

**VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENT**
**False Arrest under 42 U.S.C. § 1983**
**Against all Defendants**

44. Plaintiffs incorporate the allegations contained in paragraphs 1 through 43 of this verified complaint as if fully set forth herein.

45. Defendants are liable pursuant to 42 U.S.C. § 1983 for objectively unreasonably seizing and unlawfully arresting Plaintiffs in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

46. Defendants were acting under the color of law when Plaintiffs were arrested.

47. Defendants did not have probable cause to charge that Plaintiffs committed a crime recognized under the laws of New York State.

48. Defendants deprived Plaintiffs of the rights, privileges, and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

49. Defendants confined Plaintiffs when the Defendant Officers handcuffed the Plaintiffs and told them they were going to jail on October 16, 2018.

50. Plaintiffs were aware of the confinement by Defendants and repeatedly advised the officers that they did not consent to the confinement.

51. The confinement by the Defendants was not otherwise privileged and was performed in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States.

52. As a direct and proximate result of the foregoing, Plaintiffs were damaged and injured in an amount to be determined at trial.

53. The aforesaid conduct by the Defendants was willful, malicious, oppressive, and/or reckless and was of such a nature that Plaintiffs claim punitive damages against each of them in an amount commensurate with the wrongful acts alleged herein.

## SECOND CLAIM FOR RELIEF

### VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENT
### False Imprisonment under 42 U.S.C. § 1983
### Against All Defendants

54. Plaintiffs incorporate the allegations contained in paragraphs 1 through 53 of this verified complaint as if fully set forth herein.

55. Defendants are liable pursuant to 42 U.S.C. § 1983 for objectively unreasonably seizing and unlawfully arresting Plaintiffs in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

56. Defendants were acting under the color of law when Plaintiffs were arrested.

57. Defendants did not have probable cause to charge that Plaintiffs committed a crime recognized under the laws of New York State.

58. Defendants deprived Plaintiffs of the rights, privileges, and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

59. Defendants confined Plaintiffs when they handcuffed Plaintiffs and told them they were going to jail on October 16, 2018.

60. Defendants further confined Plaintiffs when they had to appear twice for criminal charges pressed against the Plaintiffs by the Defendants, as described above.

61. Plaintiffs were aware of the confinement by Defendants and repeatedly advised the officers that they did not consent to the confinement.

62. The confinement by the defendants was not otherwise privileged and was performed in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States.

63. As a direct and proximate result of the foregoing, Plaintiffs were damaged and injured in an amount to be determined at trial.

64. The aforesaid conduct by the defendants was willful, malicious, oppressive, and/or reckless and was of such a nature that Plaintiffs claim punitive damages against each of them in an amount commensurate with the wrongful acts alleged herein.

## THIRD CLAIM FOR RELIEF

### VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENT
### Malicious Prosecution under 42 U.S.C. § 1983
### Against All Defendants

65. Plaintiffs incorporate the allegations contained in paragraphs 1 through 64 of this verified complaint as if fully set forth herein.

66. Defendants unreasonably seized and unlawfully arrested Plaintiffs in violation of the Fourth and Fourteenth Amendment of the United States Constitution.

67. Upon information and belief, Defendants, despite knowing that probable cause did not exist to detain, arrest, and prosecute Plaintiffs criminal charges, acted intentionally, and with malice, to cause Plaintiffs to be arrested, charged and prosecuted for those charges, thereby violating Plaintiffs' rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

68. The prosecution of the charges levied by the Defendants against Plaintiffs on October 16, 2018 were terminated in Plaintiffs' favor.

69. But for Defendants' unlawful and malicious conduct, Plaintiffs would not have been arrested and prosecuted.

70. Upon information and belief, Defendants' actions and conduct were malicious and deprived Plaintiffs of their liberty without probable cause and were in violation of clearly established constitutional law and no reasonable police officer would have believed that his or her actions were lawful.

71. As a direct and proximate result of the foregoing, Plaintiffs were damaged and injured in an amount to be determined at trial.

72. The aforesaid conduct by the Defendants was willful, malicious, oppressive, and/or reckless and was of such a nature that Plaintiffs claim punitive damages against each of them in an amount commensurate with the wrongful acts alleged herein.

**FOURTH CLAIM FOR RELIEF**

**VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS**
**Excessive Force under 42 U.S.C. § 1983**
**Against All Defendants**

73. Plaintiffs incorporates the allegations contained in paragraphs 1 through 72 of this verified complaint.

74. Based upon the aforesaid conduct, Defendants illegally used excessive force under the circumstances against Ms. Laffredo in violation of his Fourth Amendment right to be secure in her person from unreasonable seizures.

75. Defendants touched and caused Ms. Laffredo to be touched in a harmful and offensive manner.

76. Defendants' actions placed Ms. Laffredo in apprehension of imminent harmful and offensive bodily contact.

77. Defendants did so without privilege or consent from Ms. Laffredo.

78. Defendants conduct under the circumstances was an excessive use of force on Ms. Laffredo which a reasonable officer in their position would not have used under the circumstances

79. As a result of Defendants' conduct, Ms. Laffredo has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

80. As a direct and proximate result of the foregoing, Ms. Laffredo was damaged and injured in an amount to be determined at trial.

81. The aforesaid conduct by the Defendants was willful, malicious, oppressive, and/or reckless and was of such a nature that Ms. Laffredo claims punitive damages against each of them in an amount commensurate with the wrongful acts alleged herein.

### FIFTH CLAIM FOR RELIEF

**VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS**
**Failure to Intervene under 42 U.S.C. § 1983**
**Against All Defendants**

82. Plaintiffs incorporate the allegations contained in paragraphs 1 through 81 of this verified complaint as if fully set forth herein.

83. The Defendants failed to take reasonable steps to prevent their fellow officers from engaging in the illegal acts alleged herein, though they were present at the scene of such violations and were capable of doing so.

84. The Defendants' actions violated Plaintiffs' Constitutionally-protected rights under the Fourth and Fourteenth Amendments.

85. The Defendants knew, or reasonably should have known, that their conduct violated Plaintiffs' clearly established Constitutionally-protected rights.

86. The Defendants acted with intent to violate, or with deliberate or reckless indifference to, Plaintiffs' clearly established rights under the Fourth and Fourteenth Amendment.

87. At all times relevant herein, the Defendants were acting under the color of state or federal law.

88. As a direct and proximate result of the foregoing, Plaintiffs were damaged and injured in an amount to be determined at trial.

89. The aforesaid conduct by the Defendants was willful, malicious, oppressive, and/or reckless and was of such a nature that Plaintiffs claim punitive damages against each of them in an amount commensurate with the wrongful acts alleged herein.

**SIXTH CLAIM FOR RELIEF**

**VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS**
**Conspiracy to Violate Plaintiffs' Constitutional Rights under 42 U.S.C. § 1983**
**Against All Defendants**

90. Plaintiffs incorporate the allegations contained in paragraphs 1 through 89 of this verified complaint as if fully set forth herein.

91. By and through the actions described above, Defendants, acting under the color of state law, conspired to deprive Plaintiffs of their constitutional rights, in violation of

42 U.S.C. § 1983 and his Fourth and Fourteenth Amendment as guaranteed by the United States Constitution.

92. Defendants agreed to deprive Plaintiffs of their constitutional rights and deprived them of their constitutional rights by illegally arresting, detaining, and prosecuting the Plaintiffs with force, threats of violence, and continuous harassment thereby causing Plaintiffs physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

93. As a direct and proximate result of the foregoing, Plaintiffs were damaged and injured in an amount to be determined at trial.

94. The aforesaid conduct by the Defendants was willful, malicious, oppressive, and/or reckless and was of such a nature that Plaintiffs claim punitive damages against each of them in an amount commensurate with the wrongful acts alleged herein.

**SEVENTH CLAIM FOR RELIEF**

**VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS**
**Policy, Custom, and Practice of Defendants and**
**Failure to Supervise and Train under 42 U.S.C. § 1983**
**Against the City of Rochester**

95. Plaintiffs incorporate the allegations contained in paragraphs 1 through 94 of this verified complaint as if fully set forth herein.

96. Prior to October 16, 2018, Defendants developed and maintained policies, customs, and practices exhibiting deliberate indifference to the constitutional rights of persons in the City of Rochester, which caused the violation of Plaintiffs' rights.

97. At all relevant times, Defendant, the City of Rochester, was aware that Officer Renz, Officer John Doe Nos. 1-4, and Officer John Doe(s) were inadequately trained

regarding the Fourth and Fourteenth Amendment, yet Defendant, the City of Rochester maintained a policy or custom of failing to provide Officer Renz, Officer John Doe Nos. 1-4, and Officer John Doe(s) training on the Fourth and Fourteenth Amendment or adequate supervision.

98. It was the policy, custom, or both of Defendant, the City of Rochester, to inadequately supervise and train its police officers, including Officer Renz, Officer John Doe Nos. 1-4, and Officer John Doe(s), thereby failing to prevent the constitutional violations against the Plaintiffs.

99. Upon information and belief, Defendant the City of Rochester maintained a policy, custom, or practice of retaliating against individuals who lawfully object to police actions or behave in a way that officers perceive as disrespectful.

100. Defendant the City of Rochester failed to properly screen its officers and retained officers who have a history of inappropriate and unlawful acts, and Defendant the City of Rochester failed to properly train and supervise members of the City of Rochester Police Department, and failed to provide proper procedures and policies of the Department, including (i) procedure to interview witnesses at the scene of an alleged crime; (ii) procedure to determine when an individual witness did not give an accurate statement; (iii) procedure for accurately reporting an officer's basis for believing there is probable cause for an arrest; (iv) the procedure for investigating an individual's claim that officers falsely arrested and imprisoned that individual; and (v) procedure for not arresting an individual when there is no credible evidence of a crime that has been allegedly committed.

101. Defendant the City of Rochester's policies, customs, and practices demonstrate a deliberate indifference to the constitutional rights of persons within the City of Rochester and caused the violation of Plaintiffs' rights alleged herein.

102. Defendant the City of Rochester ratified and acquiesced in the unlawful conduct of the other Defendants herein, as evidenced by their failure to discipline the other Defendants, and by their refusal to investigate the underlying false arrest and imprisonment of the Plaintiffs on October 16, 2018.

103. As a direct and proximate result of the City of Rochester's policies, customs, and practices, Plaintiffs were damaged and injured in an amount to be determined at trial.

104. The aforesaid conduct by the Defendants was willful, malicious, oppressive, and/or reckless and was of such a nature that Plaintiffs claim punitive damages against each of them in an amount commensurate with the wrongful acts alleged herein.

## DEMAND FOR JURY TRIAL

105. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

Plaintiffs, Carlos A. Santiago and Melissa A. Laffredo, pray for relief and demand judgment as follows:

1. That Plaintiffs be awarded compensatory damages against all Defendants in an amount to be determined at trial;

2. That Plaintiffs be awarded punitive damages against all Defendants in an amount to be determined at trial;

    3.  That this Court, pursuant to 42 U.S.C. § 1988, issue an order awarding Plaintiffs reasonable attorneys' fees, together with the costs of this action against all Defendants; and

    4.  That this Court award such other further relief, together with any other legal or equitable relief, or both, as the Court deems just and proper.

Dated: February 13, 2020
    Buffalo, New York

           **RUPP BAASE PFALZGRAF CUNNINGHAM LLC**
           Attorneys for Plaintiffs


            s/ R. Anthony Rupp III
           R. Anthony Rupp III, Esq.
           Chad A. Davenport, Esq.
           1600 Liberty Building
           Buffalo, New York  14202
           rupp@ruppbaase.com
           davenport@ruppbaase.com

## VERIFICATION

STATE OF NEW YORK )
: ss.:
COUNTY OF MONROE )

Carlos A. Santiago, being duly sworn, deposes and says that he is the plaintiff named in the within entitled action; that he has read the foregoing Verified Amended Complaint and knows the contents thereof; and that the same is true to his own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters he believes them to be true.

*/s/ Carlos A. Santiago*
Carlos A. Santiago, Plaintiff

Sworn to before me this
13th day of February, 2020.

*/s/ Anna Murphy Black*
Notary Public

Anna Murphy Black
Notary Public, State of New York
Reg. #01BL6380068
Qualified in Monroe County
Commission Expires 08/27/2022

## VERIFICATION

STATE OF NEW YORK )
: ss.:
COUNTY OF MONROE )

Melissa A. Laffredo, being duly sworn, deposes and says that she is the plaintiff named in the within entitled action; that she has read the foregoing Verified Amended Complaint and knows the contents thereof; and that the same is true to his own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters she believes them to be true.

_____
Melissa A. Laffredo, Plaintiff

Sworn to before me this
13th day of February, 2020.

_____
Notary Public

Anna Murphy Black
Notary Public, State of New York
Reg. #01BL6380068
Qualified in Monroe County
Commission Expires 08/27/2022

20