UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLOS A. SANTIAGO and<br>MELISSA A. LAFFREDO,<br><br>                Plaintiffs,<br><br>      v.<br><br>ROCHESTER POLICE DEPARTMENT,<br>ET AL.,<br><br>                Defendants. | DECISION AND ORDER<br><br>19-CV-6860-FPG-MJP |
| CARLOS A. SANTIAGO,<br><br>                Plaintiff,<br><br>      v.<br><br>OFFICER SHAWN JORDAN, ET AL.,<br><br>                Defendants. | 14-CV-6719-FPG-MJP |

**Pedersen M. J.** On July 22, 2021, plaintiff Carlos A. Santiago ("Plaintiff" or "Plaintiff Santiago") made a motion to appoint counsel in case number 14-CV-6719-FPG-MJP (ECF No. 122) and plaintiffs Carlos A. Santiago and Melissa A. Laffredo ("Plaintiffs") made a motion to appoint counsel in case number 19-CV-6860-FPG-MJP (ECF No. 29). For the reasons stated below, the Court grants the applications for the limited purpose of conducting discovery.

There is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants under 28 U.S.C. § 1915(e), see, e.g., *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), courts have broad discretion in determining whether such

assignments are warranted. *In re Martin-Trigona,* 73 7 F.2d 1254 (2d Cir. 1984). Such motions are not to be granted routinely, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.,* 877 F.2d 170, 172 (2d Cir. 1989). In exercising its discretion, then, the court must carefully consider the relevant factors, which include: (1) Whether the indigent's claims seem likely to be of substance; (2) Whether the indigent is able to investigate the crucial facts concerning his claim; (3) Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the factfinder; (4) Whether the legal issues involved are complex; and (5) Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination. *Hendricks v. Coughlin,* 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers,* 802 F.2d 58 (2d Cir. 1986).

*Factors Analysis*

For the first factor to weigh in favor of appointing counsel, the indigent's claim must seem likely to be of substance. Here, based on a review of the amended complaints ("complaints") and answers in both cases, Plaintiffs' claims seem likely to be of substance. (14-CV-6719, ECF Nos. 82, 86, 89, 103; 19-CV-6860, ECF Nos. 7, 9, 14.)

The complaint in 14-CV-6719 alleges that on March 6, 2012, one of the defendants, a police officer, wrongfully arrested Plaintiff Santiago, and did so in a manner that caused Plaintiff Santiago physical injuries, including dislocating his right shoulder, which required surgical repair. Plaintiff alleges that it appears that the officer incorrectly believed that Plaintiff had been involved in a hit-and-run with

another vehicle earlier that evening. Plaintiff further alleges that after his arrest, the officer issued twenty-three (23) tickets, and that all charges were later dismissed. Due to the surgical repair of Plaintiff's shoulder, Plaintiff incurred over $20,000.00 in credit card debt because he was unable to work. Plaintiff also alleges that he suffers emotional distress due to the incident resulting in his alleged injuries. The complaint alleges seven causes of action under 42 U.S.C. § 1983, including false arrest, false imprisonment, malicious prosecution, excessive force, deliberate indifference to medical needs, and two separate causes of action for a policy, custom and practice of Defendants and failure to supervise and train asserted against defendant City of Rochester and defendant Monroe County. For the above reasons, this factor weighs in favor of appointing counsel.

The complaint in 19-CV-6860 alleges that on October 16, 2018, police officers arrested Plaintiffs under false pretenses, and all charges related to the arrests were subsequently dismissed. The complaint also alleges false imprisonment, malicious prosecution, failure to intervene, conspiracy to violate Plaintiffs' constitutional rights under 42 U.S.C. § 1983, and the policy, custom, and practice of Defendants and a failure to supervise and train under 42 U.S.C. § 1983, related to the incident that resulted in the arrests for which the charges against Plaintiffs were brought and later dismissed.

The second factor is whether the indigent is able to investigate crucial facts concerning the case. The case in which Plaintiff Santiago is the sole plaintiff has been pending since December 2014, Plaintiff has recently sought to extend the dispositive motion deadline, and it is unclear the extent to which discovery is outstanding that

3

will need to be resolved prior to any dispositive motions. Case number 19-CV-6860 has been pending since November 2019, and the Court is not aware of what, if any, discovery has occurred. The Court finds that Plaintiffs are unable to investigate crucial facts and are unable to properly prepare these cases, such that this factor weighs in favor of appointing counsel.

The third factor, conflicting evidence implicating the need for cross-examination that will be the major proof presented to the factfinder, weighs toward appointing counsel. It appears that both cases will largely involve testimony regarding the incidents in question. An experienced counsel will be able to identify information that would be useful in cross-examination.

The fourth factor is the complexity of the legal issues. In both cases, Plaintiffs have alleged violations of their constitutional rights, which can be complex issues for those lacking legal training. For this reason, this factor weighs in favor of appointing counsel.

The final factor addresses special reasons why counsel should be appointed. With respect to 14-CV-6719, this case has been pending since 2014, and it would benefit all parties to reach a resolution. Accordingly, to the extent there is any discovery that needs to be resolved, limited scope pro bono counsel will aid Plaintiff Santiago with that issue. The 19-CV-6860 case does not appear to have significantly moved forward procedurally since its inception, and it is the undersigned's belief that appointing limited scope pro bono counsel will aid Plaintiffs in prosecuting their case, as well as preserve judicial resources.

Therefore, the Court grants Plaintiffs' motion for assignment of limited pro bono counsel and will seek an attorney to accept assignment for these cases for the limited purpose of conducting discovery. The appointments of limited pro bono counsel are not for representation at trial.

SO ORDERED.

DATED:   August 25, 2021
         Rochester, New York

*[signature]*
MARK W. PEDERSEN
United States Magistrate Judge