United States District Court
Western District of New York



Carlos A. Santiago, et al.,

        Plaintiffs,

V.

        Permission for Expedited Hearing

City of Rochester, et.al.

        On Appointment of ProBono Counsel

        614 CV 6719
        619 CV 6859
        Defendants.
        619CV 6860

Dear Honorable Mark W. Pedersen,

     We, Carlos A Santiago and Melissa A Laffredo, Plaintiffs, Pro Se In Forma
Pauperis, Are asking if it pleases the court to be granted an expedited hearing in the
matter of our appointment of pro bono counsel. We received a letter informing us that
Mr. Wolford Esq., was going to be our appointed pro bono counsel. We phoned judges
chambers and stated that it was a conflict of interest because his daughter is Elizabeth
Wolford, Chief Judge, in our United States District Court, Western District of New York.
We also spoke with Amanda Williams, Pro Bono Program Administrator, in Buffalo,
New York. She stated that if we had an issue with the attorney we didn't have to sign the
papers for the appointment of counsel, we had until October 21, 2021, which is today to
decide if we agreed to Mr. Wolford as our ProBono counsel. However we received a
letter yesterday which was 20 October 2021 We phoned Ms. Williams immediately
spoke to her in depth regarding the new attorney that is up for the appointment of
Carlos and I for these cases and his name is Roy Mura. We researched Mr. Mura's
LawFirm and found that there is a gentleman named William Lorenz Jr who does civil
litigation of the sorts, civil rights violations he does have this experience. We asked if we
would be only working with Mr. Mura or we were going to be working with this
gentleman also because he is part of his law firm. we would be going to make a decision
whether or not we were going to sign for the appointment of pro bono counsel, no later
than Nov 15, 2021. Also that letter stated that Mr. Wolford had a conflict of interest with
the defendants which is questionable because we called Ms Williams with the original
statement of conflict of interest. From the beginning with and Now, oh yes, he is no
longer going to be appointed as our attorney, AS HE IS THE ONE NOW WITH THE
CONFLICT OF INTEREST, as Ms Williams stated that Honorable Peterson you yourself

hand selected Roy Mira spoke to him and then she phoned him and made sure that there was no conflict THIS TIME, and that he accepted the appointment to be our a pro bono counsel in these matters and then we phoned Judges Chambers, AGAIN, yesterday left a message and stated that we had a few questions. We spoke to Nathan this morning and he called us back and said that he and Ms. Williams do not have ANY say so as to who we are appointed AND AGAIN OUR question was is that if you, yourself,  are Honorable Pedersen? AND you hand selected Mr. Mura as Carlos and I, OUR  pro bono appointment of counsel then why if and since, he does not have any civil litigation civil rights background AND?OR  one of his law firm members does? and if you were appointing him to us then we first asked on May 30 of 2019. the first time Carlos had asked for representation that we were working with Anna Marie Richmond, I spelled her name wrong and I put Richardson on it is referring to document number 56 in case number 614 CV 6719 in front of Honorable Feldman prior to you being appointed as the magistrate, as he did retire., and other documents included was entered into the docket on September 27, 2019 and then was 59 filed on October 30, 2019 than November 15, 2019 and also our status conference that we spoke, you,  Honorable Pedersen, and Carlos, Melissa, Noone, et al....We are including the testimony from when we spoke and I had asked for Anna Marie Richmond to be appointed to Carlos and I as pro bono counsel are referring to pages 26-page 30. May we be granted an expedited hearing/conference as soon as possible, that would be such a wonderful, BLESSING, as we all can get to the absolute truth. In such forthrightness,  if you do make the appointment, as you ask an attorney to take the appointment, we would like AGAIN, and AGAIN, AGAIN, please Anna Marie Richmond, ESQ. Lafayette Building, Buffalo, NY., to be our appointed pro bono counsel as she has had many successes in the United States District Court Western District of New York SPECIALIZING IN CIVIL RIGHTS VIOLATIONS, 42 USC 1983 POLICE MISCONDUCT,  for police misconduct, excessive force and civil rights violations as she is on a pro bono wheel, AMONG OTHER THINGS AND HER ACCREDIDATIONS. WE speak for OURselves as she was our help in the PRO SE Department are back in September 2019 she did help us put together our first day of interrogatories and document requests that we had sent to Patrick Beath for the city of Rochester, SHAWN JORDAN 614CV6719 so if you could please grant us an expedited hearing so we can RECEIVE THE CORRECT LAWFUL TRUTHFUL APPOINTMENT of ProBono COUNSEL, respectfully, with GOD

We are asking if it pleases the court, have a very blessed day!

Best Regards,

Carlos A Santiago

Melissa B. Safforedo

10/21/21

United States District Court          Case 6:14-CV-06719-
Western District of New York          FPG

Dear Honorable Geraci,

   I, Carlos A. Santiago, am writing this letter May 28th, 2019 to add additional documentation in reference to the may 23rd 2019 letter asking for a court order to remove John R. Parrinello as my counsel. Attached is what I received from Mr. Parrinello after he asked me to leave his office and he stated that he would no longer represent me in this case because I did not want to dismiss the action against Nurse JeanAnne O'Dell. I had a telephone conversation with Mr. Parrinello

On Friday May 24th 2019 asking him to give me back all my paperwork that I personally purchased and let him use in reference to my case over he said come Tuesday, which is Today, May 28th 2019. He said today that he was unable to give me any of my file, whether they were mine and I personally gave to him to use for my case so he didn't have to make his own copies or pay for copies, because I already had them. He said he was unable to release any and all information to my case unless he was released as my counsel upon your decision. The letter dated May 30th 2019

states at the closure, Please have your new attorney contact me so I can forward to him/her your file, however, I began this case Pro Se, and obviously, we all, you, I, and Mr. Parrinello, are completely aware of this matter. Could you please help me and appoint me an attorney because I cannot afford to hire one at this time. If Mr. Parrinello said he was no longer my attorney, why did he state that my new attorney can have file because your the only one who can make the decision as to whether he has a good enough reason to not represent me any longer. Also may I please have a scheduling order mailed

to me 71 Hillview Dr. Rochester, NY 14622.
I do not want there to be any
negative consequences as substitution
of counsel will not affect any scheduled
proceedings or deadlines in the action, I
am unsure what's really going on and
I need your help. Thank you and
God Bless. Please review all the
attached documents as I had no idea
Mr. Parrinello was even in contact with
Ms. O'Dell's attorney. I did not even
Know that she answered to the
amended complaint in December 2018.
I have been "in the dark" when this has
been going on. Mr. Parrinello has not

been honest with me and I feel completely humiliated and under minded. Please help me, this is very wrong. Thank You again and God Bless.

5/28/19    Carlos A Santiago

8/9/19

Case: Santiago V. The city Of Rochester
et al

Case #: 6:14-cv-06719-FPG-JWF

I, Carlos Santiago, have just

received my files and paperwork from

Mr. Parrinello as of yesterday 8/8/19.

Also, I have tried to schedule an

appointment to meet with Patrick Beath

to go over the document demands and

interrogatories and have been unsuccessful.

Per the amended scheduling order,

discovery is to be completed by 8/30/19.

I am asking for an extension to

the amended scheduling order to

complete the interrogatories and also

depositions have not taken place.

If it is possible to be assigned
assigned

counsel in this matter, I would

greatly appreciate that. I am

certain I could work better with

assigned counsel. Please contact

me as soon as possible, I look

forward to your response.
Best Regards,
Carlos A Santiago
(585) 953-2441
71 Hillview Dr.
Rochester, NY 14622
8/9/19
Carlos Santiago

United States District Court

Carlos A Santiago, Plaintiff

v.

Officer Shawn Jordan, Jean Anne O'Dell, RN, Defendants

To Whom It May Concern:

6: 14 - CV - 06719 - FPG - JWF

[Seal: UNITED STATES DISTRICT COURT FILED SEP 27 2019 MARY C. LOEWENGUTH, CLERK WESTERN DISTRICT OF NY]

I, Carlos A Santiago, have been diligently

working on my case, (Pro Se, Informa Properus)

and have previously asked the court to

appoint me representation to help and assist

me in this matter. ~~disregard~~ Never the less, on September 27, 2019

I went to Buffalo, NY for Pro Se Assistance.

at the Federal Building. I was blessed today

as I was working with Anne Marie Richardson.

I would like the permission to ask the Western

District Federal Court (USDC, WDNY) to

appoint her as my counsel, as she works

on Pro Bono cases in Federal Court, as well

as her expertise in 42 USC- §1983 matters.

She helped me edit and discover new
questions to submit as my first set
of Interrogatories and documentation
requests. ~~If it pleases~~ I humbly
~~If it pleases~~ ~~requesting~~ the court ~~to~~
~~request~~ consider my request, as I
would very much appreciate Anne
Marie Richardson to be my ~~attorney~~ counsel,
Pro Bono, in this matter 6:14-CV-06719-FPG-
JWF

Carlos A Santiago

9/27/19

United States District Court                    October 30, 2019
Western District of New York

Carlos A. Santiago,

     Plaintiff,

                    Index No.

    V.

             6:14-CV-06719-FPG-JWF

Officer Shawn Jordan
and JeanAnne O'Dell, R.N.,

     Defendants.

I, Carlos A. Santiago, would like to ask

the court for an additional extension of

time to complete discovery as I am awaiting

to be appointed counsel. I will be filing my

First set of Interrogatories and Documentation

Requests for both defendants with the Clerks

office today also mailing said documents

to Defendants Attorneys.

               Carlos A Santiago

UNITED STATES DISTRICT COURT
FILED
OCT 30 2019
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

To Whom It May Concern:

6:14 - CV- 06719- FPG - MJP

I, Carlos A. Santiago am writing this letter to inquire about the extension for discovery. I was given a second chance on life recently I was hospitalized for a severe appendix infection resulting in a laproscopic appendectomy. I was hospitalized for 7 days after surgery and I am taking antibiotics because I still have an infection from the appedicitis. I am not "out of the woods" yet as I have a 20-40% chance of developing an abscess. I asked for an attorney to be appointed to me as I have been working diligently on my case Pro Se with my fiance Melissa Laffredo. I also asked for an additional extension in the discovery phase because Mr. Parrinello failed to draw up any Interrogatory and Document Requests for the Defendants. I submitted to the court as well as to the Defendants my first set of Interrogatories and Document Requests a couple weeks ago to show my progress.

Also Patrick Beath has scheduled for November 19th, 2019 a deposition in front of recorded transcriptionist I will be contacting Mr. Beath to ask for this to be rescheduled as I am taking antibiotics and controlled substance pain reliever. I am in no condition to be on the stand recounting events of 3/6/12. If it pleases the court, I again am asking for an attorney to be appointed to me and also for an additional extension in the discovery phase of my case.

Best Regards,

Carlos A. Santiago

11/15/19

```
          1            C. SANTIAGO VS. CITY OF ROCHESTER, ET AL
13:45:40  2    that.
13:45:40  3            MS. LAFFREDO:  I never knew there was a
13:45:42  4    motion for summary judgment.
13:45:46  5            MAGISTRATE JUDGE PEDERSEN:  Okay.  Mr. Bock,
13:45:49  6    you want to print a docket sheet out?
13:45:52  7            MR. SANTIAGO:  The attorney we had before
13:45:54  8    did not communicate with us at all, so that is why we
13:45:59  9    had to get rid of him, with all of the other attorneys
13:46:02 10    as well.
13:46:02 11            MS. LAFFREDO:  And, also, if I may, when
13:46:09 12    Honorable Feldman was presiding before you, he had -- he
13:46:13 13    asked us, too, if we needed representation from the
13:46:17 14    Court, and we said yes.  And what happened was Baase and
13:46:25 15    Pfalzgraf, came into our lives at that point.  However,
13:46:28 16    that is the third set of attorneys that we've had, and,
13:46:34 17    at this point, we really need the Court to appoint an
13:46:40 18    attorney for us.  We're at the point where I can only do
13:46:57 19    so much and I read the federal rules and the local rules
13:47:00 20    so many times and I pull out information and it's very
13:47:04 21    stressful.  I'm only one person.  I can't -- I need
13:47:08 22    somebody who is going to fight for Carlos and myself and
13:47:13 23    fight for what has happened and the violation of his
13:47:18 24    human rights and his civil rights.  It has just
13:47:24 25    continued and continued years and years.  It's a vicious
```

```
         1              C. SANTIAGO VS. CITY OF ROCHESTER, ET AL
13:47:27  2   cycle, and we really need to be represented by somebody
13:47:30  3   that has our best interest at hand.
13:47:34  4              MAGISTRATE JUDGE PEDERSEN:  Did Judge
13:47:49  5   Feldman assign the Rupp firm?
13:47:51  6              MS. LAFFREDO:  At that point, I mean, he
13:47:53  7   stepped down.
13:47:54  8              MR. SANTIAGO:  If you go back to the
13:47:55  9   minutes, go back in the minutes.
13:47:57 10              MS. LAFFREDO:  He stepped down and he said
13:47:59 11   to do my best and gather as much as I could and do the
13:48:04 12   best that I could and he would address it at a later
13:48:07 13   time and then he stepped down and there was a woman that
13:48:10 14   we worked with in Buffalo, and we asked if she could be
13:48:17 15   -- I had written a document and turned it into the
13:48:20 16   Court, if she could be the representation for Carlos and
13:48:23 17   I.  I had spelled her last name wrong.  It's not Ann
13:48:27 18   Marie Richardson, it's Ann Marie Richards, and she works
13:48:33 19   pro bono for U.S. District Court.  And I asked for her
13:48:57 20   representation.  I had spelled the last name wrong and
13:48:59 21   they said we don't know who that is, she doesn't exist.
13:49:03 22   And that is what I'm asking for.  I'm asking for her
13:49:06 23   representation, if she is still part of the pro bono
13:49:11 24   action.  However, you guys, I don't know if it's
13:49:14 25   considered pro bono if the United States District Court
```

|   |   |
|---|---|
| 1 | C. SANTIAGO VS. CITY OF ROCHESTER, ET AL |
| 13:49:19  2 | finds an attorney, but her name is Ann Marie Richmond, |
| 13:49:24  3 | not Richardson. |
| 13:49:26  4 | MAGISTRATE JUDGE PEDERSEN:  Okay.  I'm just |
| 13:49:27  5 | looking through the docket here.  Okay.  So you were |
| 13:49:53  6 | represented by counsel as of May 22, 2020, because Judge |
| 13:49:58  7 | Geraci mentions that in his text order, so counsel |
| 13:50:01  8 | probably made an appearance prior to that.  Motion for |
| 13:50:07  9 | leave to proceed in forma pauperis.  It doesn't look |
| 13:50:11  10 | like this was referred to Judge Feldman.  It sat for |
| 13:50:17  11 | quite a while.  You were granted -- |
| 13:50:21  12 | MS. LAFFREDO:  It was the date that we were |
| 13:50:23  13 | in front of Judge Feldman quite some time ago. |
| 13:50:26  14 | MAGISTRATE JUDGE PEDERSEN:  This case was -- |
| 13:50:27  15 | -- the District Judge Geraci granted in forma pauperis |
| 13:50:32  16 | on November 22, 1919.  Ordered you to file an amended |
| 13:50:38  17 | Complaint.  You requested extended time to do that and |
| 13:50:41  18 | then you filed your amended Complaint, February 13 of |
| 13:50:47  19 | 2020.  On May 22, 2020 ECF No. 8, if you look at No. 8, |
| 13:51:12  20 | "Plaintiffs now represented by counsel filed an amended |
| 13:51:16  21 | complaint ECF No. 7:  "Because Plaintiffs are no longer |
| 13:51:29  22 | proceeding pro se, the Court is no longer required to |
| 13:51:32  23 | screen the amended Complaint, therefore, the Clerk of |
| 13:51:35  24 | Court shall issue a summons and shall cause the United |
| 13:51:39  25 | States Marshal to serve the Defendants.  So ordered." |

|  | 1 | C. SANTIAGO VS. CITY OF ROCHESTER, ET AL |
| 13:51:39 | 2 | Signed by Judge Geraci.  Summons was issued and there |
| 13:51:43 | 3 | was an acknowledgement of service.  Answer was filed |
| 13:51:49 | 4 | July 6th, 2020.  And then on July 7th, 2020, the case |
| 13:51:53 | 5 | was assigned to me because I took office November 6th, |
| 13:51:57 | 6 | 2019.  So this particular case was never before Judge |
| 13:52:02 | 7 | Feldman.  And we had a status conference. |
| 13:52:10 | 8 | MS. LAFFREDO:  Right.  It was prior to all |
| 13:52:11 | 9 | of this happening when we were in front of Judge |
| 13:52:14 | 10 | Feldman, so it was probably -- |
| 13:52:15 | 11 | MAGISTRATE JUDGE PEDERSEN:  Probably on the |
| 13:52:16 | 12 | '14 case. |
| 13:52:17 | 13 | MS. LAFFREDO:  It was for the '14 case. |
| 13:52:19 | 14 | MAGISTRATE JUDGE PEDERSEN:  Yeah, probably |
| 13:52:20 | 15 | on the '14 case.  So there is no request for |
| 13:52:23 | 16 | representation in this case.  Is that something you |
| 13:52:26 | 17 | would like to make? |
| 13:52:27 | 18 | MS. LAFFREDO:  Yes, please.  For all of -- |
| 13:52:30 | 19 | MAGISTRATE JUDGE PEDERSEN:  All of the |
| 13:52:31 | 20 | cases? |
| 13:52:31 | 21 | MS. LAFFREDO:  Yes. |
| 13:52:32 | 22 | MAGISTRATE JUDGE PEDERSEN:  So what I |
| 13:52:32 | 23 | suggest what you do is file a motion in each of the |
| 13:52:36 | 24 | cases.  That will probably disrupt the schedule again. |
| 13:52:56 | 25 | MS. LAFFREDO:  I understand.  We do need |

|  |  |  |
|---|---|---|
|  | 1 | C. SANTIAGO VS. CITY OF ROCHESTER, ET AL |
| 13:52:58 | 2 | representation, so whatever needs to happen first. |
| 13:53:00 | 3 | MAGISTRATE JUDGE PEDERSEN:  Let me tell you |
| 13:53:02 | 4 | something off of the record for a moment. |
| 13:53:02 | 5 | (Whereupon, there was a discussion off the |
| 13:53:06 | 6 | record.) |
| 13:53:06 | 7 | THE CLERK:  One moment, your Honor.  We are |
| 13:53:10 | 8 | back on the record. |
| 13:53:11 | 9 | MAGISTRATE JUDGE PEDERSEN:  While off the |
| 13:53:13 | 10 | record, we had a brief discussion about the prior |
| 13:53:27 | 11 | attorney's withdrawal and I informed both Plaintiffs if |
| 13:53:29 | 12 | they wish to make a motion for appointment of counsel |
| 13:53:33 | 13 | pro bono, they may do so in each of these cases, that it |
| 13:53:36 | 14 | may disrupt the schedule that we're putting in place, |
| 13:53:39 | 15 | but so be it.  The only thing I see pending in case No. |
| 13:53:45 | 16 | 6859 is a motion filed on October 16th, 2020, docket No. |
| 13:53:52 | 17 | 21, and it's titled "Motion to Dismiss for Failure to |
| 13:53:58 | 18 | State a Claim."  Let me make sure that is really what it |
| 13:54:01 | 19 | is.  We're looking at the Notice of Motion signed by Mr. |
| 13:54:04 | 20 | Noone and it's looking for 12(c) relief.  It's not a |
| 13:54:10 | 21 | summary judgment, it's a 12(c). |
| 13:54:12 | 22 | MR. NOONE:  Yes. |
| 13:54:12 | 23 | MAGISTRATE JUDGE PEDERSEN:  Okay.  So |
| 13:54:15 | 24 | pending 12(c) motion.  And, Ms. Laffredo, if you read |
| 13:54:20 | 25 | the rules, you understand the difference between Rule 12 |

Hasler
09/13/2021
US POSTAGE $00.75

ZIP 14202
011D11625333

Melissa Laffredo
37 Linnet Street
Rochester, NY 14613

14613822S9 C008

CLERK, U.S. DISTRICT COURT
UNITED STATES COURTHOUSE
BUFFALO, NY 14202-3350

OFFICIAL BUSINESS



# UNITED STATES DISTRICT COURT
### Western District of New York

#### Robert H. Jackson United States Courthouse
#### 2 Niagara Square
#### Buffalo, NY 14202-3350

**Amanda G. Williams, Esq.**
**Pro Bono Program Administrator**

(716) 551-1511
Amanda_Williams@nywd.uscourts.gov

Melissa Laffredo
37 Linnet Street
Rochester, NY 14613

September 10, 2021

Notices of Appointment and Client Acknowledgement, Re: Santiago, et al., v. City of Rochester Police Dept., et al, 19-cv-6860

Dear Ms. Laffredo:

As you are aware, Judge Pedersen issued an order on August 31, 2021 (ECF No. 37), authorizing a limited-scope appointment of *pro bono* counsel in the above-referenced matter to represent you to conduct discovery.

The Court has selected Michael Wolford, Esq., to represent you *pro bono*, in this matter for the limited scope described above. Attached please find two copies of the "Notice of Appointment and Client Acknowledgement" required by L.R. Civ. P. 83.8(C)(2). One copy is for you to keep for your records and the other is for you to read, sign, and return directly to me, before Mr. Wolford may be formally appointed as *pro bono* counsel in this matter by the Court for the limited purpose described in ECF No. 37. If possible, you may scan and email me a copy of the signed Notice, in lieu of sending a hard copy by mail to the address listed above. If you do not return a signed copy of the attached form within twenty-one business days from the date of this letter by October 12, 2021, no *pro bono* appointment will be made.

Once Judge Pedersen issues an order formally appointing Michael Wolford, Esq., as *pro bono* counsel in this matter, he will contact you directly. In the meantime, please do not attempt to contact Mr. Wolford. If you have any questions regarding the Court's pro bono appointment process, please feel free to contact me.

Sincerely,

Amanda G. Williams, Esq.
Pro Bono Program Administrator
United States District Court for the Western District of New York

CLERK, U.S. DISTRICT COURT
UNITED STATES COURTHOUSE
BUFFALO, NY 14202-3350

OFFICIAL BUSINESS

BUFFALO NY 140

18 OCT 2021 PM 5 L

Hasler
10/18/2021
US POSTAGE
FIRST-CLASS MAIL
$00.73⁰

ZIP 14202
011D11625333

Melissa Laffredo
37 Elmhurst Street
Rochester, NY 14613

14613-225937



**UNITED STATES DISTRICT COURT**
**Western District of New York**

**Robert H. Jackson United States Courthouse**
**2 Niagara Square**
**Buffalo, NY 14202-3350**

**Amanda G. Williams, Esq.**                                                    **(716) 551-1511**
**Pro Bono Program Administrator**                        **Amanda_Williams@nywd.uscourts.gov**

Melissa Laffredo
37 Linnet Street
Rochester, NY 14613

October 15, 2021

Notice of Appointment and Client Acknowledgement, Re: Santiago, *et al.,* v. City of Rochester Police Dept., *et al,* 19-cv-6860

Dear Ms. Laffredo:

As you are aware, Judge Pedersen issued an order on August 31, 2021 (ECF No. 37), authorizing a limited-scope appointment of *pro bono* counsel in the above-referenced matter to represent you to conduct discovery.  Previously the Court selected Michael Wolford, Esq., of Bond Schoeneck & King, to represent you.  However, subsequent to the previous Notice that I sent you, Mr. Wolford's law firm identified a conflict with the defendants in this matter and he is no longer able to accept this *pro bono* appointment.

Therefore, the Court has selected Roy Mura, Esq., of the Mura Law Group, to represent you *pro bono* in this matter for the limited scope described above.  Attached please find two copies of the "Notice of Appointment and Client Acknowledgement" required by L.R. Civ. P. 83.8(C)(2).  One copy is for you to keep for your records and the other is for you to read, sign, and return directly to me, before Mr. Mura may be formally appointed as *pro bono* counsel in this matter by the Court for the limited purpose described in ECF No. 37.  If possible, you may scan and email me a copy of the signed Notice, in lieu of sending a hard copy by mail to the address listed above.  If you do not return a signed copy of the attached form within twenty-one business days from the date of this letter by November 15, 2021, no *pro bono* appointment will be made.

Once Judge Pedersen issues an order formally appointing Roy Mura, Esq., as *pro bono* counsel in this matter, he will contact you directly.  In the meantime, please do not attempt to contact Mr. Mura.  If you have any questions regarding the Court's *pro bono* appointment process, please feel free to contact me.

Sincerely,


Amanda G. Williams, Esq.
Pro Bono Program Administrator
United States District Court for the Western District of New York