UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CARLOS A. SANTIAGO and
MELISSA A. LAFFREDO,

                Plaintiffs,

vs.

OFFICER CHRISTOPHER RENZ, et al.,

                Defendants.

DECISION AND ORDER
19-CV-6860-FPG-MJP

---

**Pedersen, M.J.** This decision and order addresses plaintiffs' Carlos A. Santiago and Melissa A. Laffredo ("Plaintiffs") unfruitful relationships between them and retained and *pro bono* representation throughout this case.

## *First Retained Lawyer is "Fired" by Plaintiffs*

On May 22, 2020, the Honorable Frank P. Geraci entered a text order in which he indicated that Plaintiffs, who commenced this action *pro se*, were now represented by counsel, as attorney Chad Davenport filed the amended complaint on behalf of Plaintiffs. (Am. Compl, ECF No. 7; Judge Geraci's text order, ECF No. 8.) There is no reference on the docket that the Court appointed Mr. Davenport to represent Plaintiffs so it appears that Plaintiffs retained him.

In correspondence dated November 12, 2020, Plaintiffs requested the Court "to order to remove Chad A. Davenport, as well as Rupp, Baase, Pfalzgraf Cunningham, LLC, as counsel...." (Letter from Plaintiffs to the Court (Nov. 12, 2020), ECF No. 16.)

1

Plaintiffs further provided that they sought removal of counsel "for reasons of insufficient counseling reasons, breach of contract, verbal, as well as written." (*Id.*) Plaintiffs also provided that Mr. Davenport and others in his firm "went against [Plaintiffs'] requests to ask for an extension to file opposition response to Mr. Noone's motion for dismissal w/case 6:19-CV-06859-FPG, and disregarding extremely important, pertinent information from Body worn camera footage of [ ] Ofc. Barnes and Ofc. Joe Bonacci was excluded." (*Id.*) The firm had been retained by Plaintiffs in or about May 2020; therefore, the Court could not excuse the firm without a motion to withdraw. Accordingly, the Court denied Plaintiffs' *pro se* motion to withdraw counsel without prejudice. (Minute Entry for proceedings for 12/10/20, ECF No. 18.)

On March 22, 2021, Plaintiffs' counsel, Mr. Davenport, moved to withdraw. (Mot. to Withdraw, Mar. 22, 2021, ECF No. 22.) In his supporting affidavit filed on the docket, counsel related the following:

> 4. Our decision to withdraw as counsel of record was made after the plaintiff submitted a motion to withdraw on November 12, 2020....
>
> 5. Our office therefore reached out to counsel for the defendants to prepare a stipulation that would allow us to withdraw as counsel. Each of the attorneys for the defendants consented to our withdrawal....
>
> 6. Our office then reached out to the plaintiff in an attempt to secure his signature to properly execute the stipulation in accordance with Local Rule 83.2. The plaintiff did not respond to our communication attempts.
>
> 7. This Court denied the plaintiff's motion to withdraw. During the status conference on January 27, 2021, Melissa Laffredo, the plaintiff's fiancé, told the Court that the plaintiff wished to discuss with me a plan to represent him for the duration of this matter.
>
> 8. I honored that request. I communicated with the plaintiff our intention to represent him in this matter, and that we would need the file back to do so.

2

> 9. I conveyed to the plaintiff multiple times our need to have the file to fulfill our discovery obligations and adequately represent him. The plaintiff told me at first that he would drop off the file at our office, but after nearly two months has not done so and recently indicated that he has no intention to give us back the file materials.
>
> 10. At this time, I fee[l] that there are unresolvable, irreconcilable differences between our office and the plaintiff. It is therefore necessary for the Court to relieve myself and Mr. Davenport as his counsel in this case.

(Davenport Decl. ¶¶4–10, ECF No. 22-1.) On April 20, 2021, the Court permitted counsel to withdraw. Plaintiffs did not appear for the conference and the Court issued an order to show cause why the case should not be dismissed. The Court accepted Plaintiffs' excuse and set another case management conference for July 22, 2021. (Text Order, Jul. 9, 2021, ECF No. 28.)

*Plaintiffs Rejects First Pro Bono Lawyer*

On July 22, 2021, Plaintiff requested appointment of *pro bono* counsel. (Letter Mot., ECF No. 29.) After reviewing a financial affidavit, and holding a hearing, the Court granted Plaintiffs' request and appointed limited *pro bono* counsel to assist with the completion of discovery. (Decision and Order, Aug. 31, 2021, ECF No. 37.) The Court identified experienced counsel and informed Plaintiffs it would appoint him. However, on October 21, 2022, Plaintiffs filed a 23-page document titled "Permission for Expedited Hearing on Appointment of Pro Bono Counsel" (ECF No. 38). In that paper, Plaintiffs wrote:

> We, Carlos A Santiago and Melissa A Laffredo, Plaintiffs, Pro Se In Forma Pauperis, Are asking if it pleases the court to be granted an expedited hearing in the matter of our appointment of pro bono counsel. We received a letter informing us that Mr. Wolford Esq., was going to be our appointed pro bono counsel. We phoned judges chambers and stated that it was a conflict of interest because his daughter is Elizabeth

3

Wolford, Chief Judge, in our United States District Court, Western District of New York. We also spoke with Amanda Williams, Pro Bono Program Administrator, in Buffalo, New York. She stated that if we had an issue with the attorney we didn't have to sign the papers for the appointment of counsel, we had until October 21, 2021, which is today to decide if we agreed to Mr. Wolford as our Pro Bono counsel. However we received a letter yesterday which was 20 October 2021 We phoned Ms. Williams immediately spoke to her in depth regarding the new attorney that is up for the appointment of Carlos and I for these cases and his name is Roy Mura. We researched Mr. Mura's Law Firm and found that there is a gentleman named William Lorenz Jr who does civil litigation of the sorts, civil rights violations he does have this experience. We asked if we would be only working with Mr. Mura or we were going to be working with this gentleman also because he is part of his law firm. we would be going to make a decision whether or not we were going to sign for the appointment of pro bono counsel, no later than Nov 15, 2021. Also that letter stated that Mr. Wolford had a conflict of interest with the defendants which is questionable because we called Ms Williams with the original statement of conflict of interest. From the beginning with and Now, oh yes, he is no longer going to be appointed as our attorney, AS HE IS THE ONE NOW WITH THE CONFLICT OF INTEREST, as Ms Williams stated that Honorable Peterson you yourself hand selected Roy Mira spoke to him and then she phoned him and made sure that there was no conflict THIS TIME, and that he accepted the appointment to be our a pro bono counsel in these matters and then we phoned Judges Chambers, AGAIN, yesterday left a message and stated that we had a few questions. We spoke to Nathan this morning and he called us back and said that he and Ms. Williams do not have ANY say so as to who we are appointed AND AGAIN OUR question was is that if you, yourself, are Honorable Pedersen? AND you hand selected Mr. Mura as Carlos and I, OUR pro bono appointment of counsel then why if and since, he does not have any civil litigation civil rights background AND?OR one of his law firm members does? and if you were appointing him to us then we first asked on May 30 of 2019. the first time Carlos had asked for representation that we were working with Anna Marie Richmond, I spelled her name wrong and I put Richardson on it is referring to document number 56 in case number 614 CV 6719 in front of Honorable Feldman prior to you being appointed as the magistrate, as he did retire., and other documents included was entered into the docket on September 27, 2019 and then was 59 filed on October 30, 2019 than November 15, 2019 and also our status conference that we spoke, you, Honorable Pedersen, and Carlos, Melissa, Noone, et al.. .. We are including the testimony from when we spoke and I had asked for Anna Marie Richmond to be appointed to Carlos and I as pro

4

bono counsel are referring to pages 26-page 30. May we be granted an expedited hearing/conference as soon as possible, that would be such a wonderful, BLESSING, as we all can get to the absolute truth. In such forthrightness, if you do make the appointment, as you ask an attorney to take the appointment, we would like AGAIN, and AGAIN, AGAIN, please Anna Marie Richmond, ESQ. Lafayette Building, Buffalo, NY., to be our appointed pro bona counsel as she has had many successes in the United States District Court Western District of New York SPECIALIZING IN CIVIL RIGHTS VIOLATIONS, 42 USC 1983 POLICE MISCONDUCT, for police misconduct, excessive force and civil rights violations as she is on a pro bono wheel, AMONG OTHER THINGS AND HER ACCREDIDATIONS. WE speak for OURselves as she was our help in the PRO SE Department are back in September 2019 she did help us put together our first day of interrogatories and document requests that we had sent to Patrick Beath for the city of Rochester, SHAWN JORDAN 614CV6719 so if you could please grant us an expedited hearing so we can RECEIVE THE CORRECT LAWFUL TRUTHFUL APPOINTMENT of ProBono COUNSEL, respectfully, with GOD

We are asking if it pleases the court, have a very blessed day!

(*Id.* at 1–2.)

***Plaintiffs Reluctantly Accept Second Pro Bono Lawyer***

Although the simple fact that *pro bono* counsel would have been related to one of the judges in the Western District of New York would not have been a conflict, the Court nevertheless considered Plaintiffs' concern. Roy Mura, Esq. volunteered to take the case *pro bono*. Thus, it was not until November 18, 2021, that the Court appointed Mr. Mura, as *pro bono* counsel to assist Plaintiffs with discovery. (Order, ECF No. 40.) William Lorenz, Jr., Esq., of the Mura firm filed a notice of appearance on December 7, 2021 (ECF No. 41). Mr. Lorenz left the Mura firm and Mr. Lorenz filed a notice of withdrawal on July 5, 2022 (ECF No. 45).

*The November 3, 2022, Contentious Court Conference*

On September 14, 2022, Plaintiffs requested that the Court schedule a hearing, stating that "We have not heard from the Mura Law Group since we last contacted the courts, which said Mr. William Lorenz, Jr. withdrew from our cases." (Letter from Plaintiffs to the Court, ECF No. 46.) The Court held a case management conference on November 3, 2022, in the courtroom. Mr. Mura appeared and informed the Court that Plaintiffs refused to accept any communications from Mr. Mura unless it was via U.S. Mail or by telephone. Mr. Mura preferred to use email; the Court reached a compromise with counsel and Plaintiffs. The Court asked Plaintiffs what else they wanted to discuss, and Plaintiff Santiago turned to Plaintiff Laffredo and asked her to represent his views to the Court.

Immediately after that, Plaintiff Laffredo asked about an earlier case of Plaintiffs that had been dismissed at the District and Court of Appeals levels. (*Santiago et al. v. City of Rochester et al.*, No. 19-CV-6859-FPG-MJP.) The Court carefully reviewed the docket in that case and informed Plaintiffs that the Court of Appeals dismissed their appeal because the notice of appeal had been untimely. The Court read the relevant portion of Federal Rule Appellate Procedure 4. Plaintiff Laffredo loudly asked whether she was supposed to know about Rule 4, to which the Court responded yes. She then stood up and loudly exclaimed, "Well, that's YOUR rule!" and began to leave the courtroom. The Court explained that the appellate rules were promulgated by the Supreme Court and approved by Congress, but Plaintiff Laffredo was already headed out the courtroom door.

6

This exchange, along with the background of Plaintiffs' troubled relations with lawyers, both retained and appointed, led the Court to conclude that Plaintiff Laffredo would like to represent Plaintiffs in this case, and Plaintiffs will not accept services of a *pro bono* lawyer unless Plaintiff Laffredo can direct the representation. The Court then asked Mr. Mura if he wanted to be relieved of his *pro bono* assignment, to which he responded that he did.

### *Anna Marie Richmond, Esq., Is Plaintiffs' Preferred Pro Bono Counsel*

Plaintiffs have asked for the appointment of Anna Marie Richmond, Esq., of Buffalo, New York. In the event Ms. Richmond is willing to accept a limited *pro bono* assignment in this case, and possibly the companion case, for the purposes of completing discovery, the Court will send her a letter along with a copy of this Decision and Order.

Plaintiffs are free to hire any counsel they desire, but with respect to *pro bono* counsel, the history outlined above convinces the undersigned that other than counsel voluntarily willing to take the case, Plaintiffs' prior treatment of their retained and *pro bono* lawyers does not recommend appointment of further *pro bono* counsel. *See Barnes v. Alves*, 10 F. Supp. 3d 382, 385 (W.D.N.Y. 2014) ("volunteer lawyer time is a valuable and limited commodity, and it should only be utilized for the most deserving cases.") *Barnes v. Alves*, 10 F. Supp. 3d 382, 385 (W.D.N.Y. 2014) (citation omitted).

## CONCLUSION

Accordingly, the Court hereby orders:

Mr. Mura and his firm are relieved from representing Plaintiffs and the undersigned does not recommend appointment of further *pro bono* counsel unless counsel volunteers to represent Plaintiffs.

IT IS SO ORDERED.

DATED:   November 18, 2022

MARK W. PEDERSEN<br>
United States Magistrate Judge