UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CARLOS A. SANTIAGO and
MELISSA A. LAFFREDO,

      Plaintiffs,    DECISION AND ORDER
               19-CV-6860-FPG-MJP

vs.

OFFICER CHRISTOPHER RENZ, et al.,

      Defendants.

---

**Pedersen, M.J.** This decision and order addresses the order to show cause issued by this Court to plaintiff Melissa A. Laffredo, directing Ms. Laffredo to show cause why the Court should not punish her by fine or imprisonment, or both, for her behavior in open court on November 3, 2022, pursuant to 18 U.S.C. § 401, 28 U.S.C. § 636(e)(2), and Federal Rule of Criminal Procedure 42(b). (ECF No. 48.)

## BACKGROUND

On November 3, 2022, the undersigned held a status conference with plaintiffs Carlos A. Santiago and Melissa A. Laffredo (collectively "Plaintiffs"). During that Court appearance, which the Court scheduled at Plaintiffs' request to discuss communication difficulties with their *pro bono* attorney, Mr. Santiago asked the undersigned about the status of an appeal in a separate case commenced by Plaintiffs. (Transcript of Oral Proceeding at 10:6–15, Nov. 3, 2022, ECF No. 49.) After taking the time to review the docket in that case, as well as the Second Circuit Court of Appeal's decision, the undersigned explained that the Second Circuit denied

1

Plaintiffs' appeal related to the grant of summary judgment in defendants' favor at the district court level because the appeal was untimely under Rule 4 of the Appellate Rules. (*Id.* at 11:20–12:1.) Right after providing this explanation, Ms. Laffredo interjected a comment directed to the undersigned, without having received permission to address the Court. (*Id.* at 12:6–8.) Nevertheless, the undersigned continued to provide a more detailed explanation regarding the ultimate dismissal of this other action, including that an extension sought by Plaintiffs applied to their motion for reconsideration and did not extend their time to appeal the decision regarding summary judgment. (*Id.* at 12:20–14:15.) At this point, the following exchange occurred:

> MS. LAFFREDO: We didn't know that, Your Honor.
>
> THE COURT: You aren't. You're not lawyers.
>
> MS. LAFFREDO: Right. So then -- so -- so shame on us?
>
> THE COURT: Unfortunately.
>
> MS. LAFFREDO: After everything the Rochester Police Department has done to me and my family?
>
> THE COURT: Unfortunately.
>
> MS. LAFFREDO: Are you kidding me?
>
> THE COURT: Nope.
>
> MS. LAFFREDO: No. Because those are your rules; right?
>
> THE COURT: No, no. No.
>
> MS. LAFFREDO: You'll have to excuse me. Excuse me.

THE COURT: These rules are created by the Supreme Court with the concurrence of the Congress of the United States.

MS. LAFFREDO: I'll order the units to hear what your response was.

THE COURT: Ma'am.

MS. LAFFREDO: You're being disrespective.

THE COURT: You are being -- get her back in here.

OFFICER: Ma'am, the Judge wants you back.

THE COURT: Get her back in here. You are coming back in, ma'am. I'm finding you in contempt. You do that again and I will fine you or put you in jail for contempt of court. Do you understand that?

MS. LAFFREDO: I understand.

THE COURT: Then don't be disrespectful to this court. You may now leave.

*(Id.* at 14:16–15:24.)

The Court issued an order to show cause related to Ms. Laffredo's behavior on November 3, 2022. (ECF No. 48.) In a handwritten note dated and filed December 9, 2022, constituting Ms. Laffredo's response to the order to show cause, Ms. Laffredo wrote as follows:

> I, Melissa A. Laffredo, apologize to Honorable Pedersen for speaking out of turn, for walking out of the court room, excusing myself prior to the conclusion of the hearing on November 3, 2022. My apologies, Your Honor, (sic) It will not ever happen again. Thank you and GOD BLESS!

(ECF No. 65.)

## LEGAL STANDARD

Title 18 U.S.C. § 401 grants courts the authority to "punish by fine or imprisonment, or both, at its discretion, such contempt of its authority . . . [resulting from] (1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice." *Id.* Further, 28 U.S.C. § 636(e)(2) provides as follows:

> **(2) Summary criminal contempt authority.**--A magistrate judge shall have the power to punish summarily by fine or imprisonment, or both, such contempt of the authority of such magistrate judge constituting misbehavior of any person in the magistrate judge's presence so as to obstruct the administration of justice. The order of contempt shall be issued under the Federal Rules of Criminal Procedure.

*Id.* Federal Rule of Criminal Procedure 42(b) provides:

> **(b) Summary Disposition.** Notwithstanding any other provision of these rules, the court (other than a magistrate judge) may summarily punish a person who commits criminal contempt in its presence if the judge saw or heard the contemptuous conduct and so certifies; a magistrate judge may summarily punish a person as provided in 28 U.S.C. § 636(e). The contempt order must recite the facts, be signed by the judge, and be filed with the clerk.

*Id.*

## DISCUSSION

The undersigned provided Ms. Laffredo with notice of the consequences of her actions both at the November 3, 2022, court appearance and via the order to show cause. In addition, the undersigned provided Ms. Laffredo with the opportunity to be heard related to her behavior on that day in the form of her response to the order to show cause.

The undersigned does not find that Ms. Laffredo has shown good cause for the above described behavior and, in fact, has not provided any cause at all. Instead, Ms. Laffredo has simply apologized, which the undersigned acknowledges. However, that

4

does not excuse the manner in which she behaved in Court and the disrespect she showed to the undersigned.

## CONCLUSION

Based upon the forgoing, the Court hereby finds Ms. Laffredo in contempt of court pursuant to 18 U.S.C. § 401, 28 U.S.C. § 636(e)(2), and Federal Rule of Criminal Procedure 42(b), fines her $50.00 payable to the Clerk of the Court within thirty days of the entry of this Decision and Order and, further, declines to order imprisonment.

SO ORDERED.

DATED: January 9, 2023

MARK W. PEDERSEN
United States Magistrate Judge